Submitted on briefs August 27, reversed September 30, 1976

# THOMPSON, *Appellant,*

*v.*

# DEPARTMENT OF REVENUE, *Respondent.*

554 P2d 510

Frank J. Thompson, Clatskanie, *pro se.*

James D. Manary, Assistant Attorney General, Salem, for respondent. With him on the brief were Theodore W. deLooze, Chief Tax Counsel, and Lee Johnson, Attorney General, Salem.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell and Bryson, Justices.

HOWELL, J.

**HOWELL, J.**

This is an appeal from a decision of the Tax Court which sustained the defendant Department of Revenue's demurrer to plaintiff's complaint on the grounds that the Tax Court had no jurisdiction of the subject matter and that the complaint failed to allege facts sufficient to state a cause of suit.

Plaintiff applied to the State Forester for classification of his property under the Western Oregon Small Tract Optional Tax Act pursuant to ORS 321.705, *et seq.* The State Forester made an appraisal and established the appropriate site class for plaintiff's property. Pursuant to ORS 321.750(4) plaintiff's file was then sent to the Columbia County assessor to compute the adjustment tax. The adjustment tax is essentially the difference between the ad valorem tax paid on the land in prior years and the optional tax which would have been paid in those years had the property been classified under the Western Oregon Small Tract Optional Tax Act. *See* ORS 321.750(2). The purpose of the adjustment tax is to put the newly classified property on the same economic footing as other similar property which had been previously classified.

Plaintiff was dissatisfied with the computation of his adjustment tax by the county assessor. He complained to the assessor's office and apparently was successful in persuading them to make certain additional adjustments. However, the assessor refused to make other adjustments, and plaintiff then appealed to the Department of Revenue, pursuant to ORS 306.520.[1]

---

[1] ORS 306.520 provides:

"Any taxpayer aggrieved by an act or omission of a county assessor or tax collector which affects his property and for which there is no other statutory remedy may, within six months after the act or omission becomes actually known to the taxpayer but in any event not more than two years after such act or omission becomes a matter of public record, appeal to the Department of Revenue by filing a petition for review * * *."

After a hearing, the Department of Revenue issued an opinion, which found that the Department of Revenue had no jurisdiction over plaintiff's claim because, under ORS 321.765, plaintiff was required to bring his appeal to the State Board of Forestry rather than to the Department of Revenue. Plaintiff then appealed to the Oregon Tax Court, which affirmed the Department of Revenue.

■ ORS 321.765 sets forth certain statutory appeal rights pertaining to the Small Tract program:

> "Appeals. Any owner *affected by a ruling of the State Forester* made under ORS 321.715, 321.730 to *321.750* and 321.760 may appeal to the State Board of Forestry under such rules as it may prescribe. A suit to set aside any decision of the board may be taken within 30 days of the decision to the Oregon Tax Court in the manner provided for ad valorem property tax cases under ORS 306.545." (Emphasis added.)

At the outset, it should be pointed out that plaintiff is not appealing the site classification given to his property by the State Forester. Nor is he appealing any other action taken by the State Forester. His only complaint concerns the county assessor's computations concerning the adjustment taxes due on his newly classified property. Thus, the only issue in this appeal is the proper avenue for appealing the *computation* of the Small Tract Adjustment Tax.

Prior to the legislature's revision of ORS 321.750(4) in 1971, *see* ch 684, § 3, Oregon Laws (1971), the adjustment tax computation was performed by the State Forester in conjunction with the issuance of a site classification order. Therefore, prior to the 1971 amendment, appeals from adjustment tax computations by the State Forester were directed to the State Board of Forestry under ORS 321.765. However, when the legislature amended ORS 321.750(4) and directed that the county assessors make the adjustment tax computation rather than the State Forester, no corresponding change was made in the appeal provisions of ORS 321.765. Therefore, since the adjustment tax

[ 374 ]

computation was no longer "a ruling of the State Forester," after the 1971 amendment an aggrieved taxpayer had no clear statutory avenue for appealing his adjustment tax calculation.

The Department of Revenue suggests that we treat the county assessors as agents of the State Forester for purposes of making the adjustment tax computation and consider their computations as "rulings" of the State Forester so as to allow an appeal to the State Board of Forestry under ORS 321.765. However, the legislative history regarding the 1971 amendment suggests that the purpose for shifting the responsibility for making adjustment tax computations from the State Forester to the county assessors was that: "The county assessors are certainly in a much better position to make this computation than the State Forester." *See* "Explanation of House Bill 1710 as Amended by the Senate Taxation Committee," Senate Full Taxation Committee, H.B. 1710 Exhibit File (1971). If the purpose of the 1971 amendment was to shift the responsibility for making the adjustment tax calculation from the State Forester to a more appropriate body, it would make little sense to construe another provision of the same Act so as to require dissatisfied taxpayers to bring their appeals from that computation back to the State Board of Forestry. Since the State Forester no longer makes the computation there is no logical reason why the Board of Forestry should continue to hear such appeals.

Therefore, we conclude that neither the language of the appeals statute nor an analysis of the 1971 amendment supports a construction of ORS 321.765 which would require taxpayers to bring their appeals from the county assessors' adjustment tax computations to the State Board of Forestry. Correspondingly, since there is no other specific statutory procedure for appealing that computation by the county assessor, we hold that plaintiff's appeal was properly brought

before the Department of Revenue under ORS 306.520.[2]

Finally, we also conclude that at least portions of plaintiff's second amended complaint set forth sufficient facts to constitute a cause of suit. Apparently, plaintiff contends that certain credits for taxes paid and certain previous over-assessments on various parcels were not properly credited against his adjustment tax. If these allegations are accepted as true, plaintiff's complaint states a cause of suit, and the defendant's demurrer should have been overruled.

Reversed for further proceedings in accordance with this opinion.

---

[2]To avoid confusion in the future in cases involving similar issues, it would appear that a legislative clarification of the appellate process under ORS 321.765 and ORS 321.750 should be considered.